*278 The opinion of the Court was delivered by
Fuost, J.
The sixth section of the attachment Act provides that “ in case the absent debtor or defendant, whose money, &c. shall he attached in the hands of any person, he really and truly indebted to the person in whose hands the money, &c. are attached, then such person, if his possession of the moneys, &c. was obtained legally and bona fide, without any tortious act, shall be first allowed his own debt, he forthwith filing his declaration and in every other respect proceeding as if he were plaintiff in the attachment.” The Act of 1844, 11 Stat. 290, directs the sheriff, when he serves the writ of attachment, to take into his custody the attached effects, unless the party in possession gives bond for the production of them, or unless he claims, on oath, to be a creditor.
It is unnecessary to determine the question, whether Henry Linton, by his surrender of the attached property to the sheriff, without making any claim, as creditor, has lost any lien which he might have had under the Act. The first enquiry must be, was Henry Linton a creditor of John Linton, at the time the plaintiff’s writ of attachment was served on him; and if not, can he claim to be preferred to the plaintiff, an attaching creditor, in the payment of his demand from the property which was attached in his hands ?
The Act provides that if the absent debtor, whose money, &c. shall be attached in the hands of any person, be “really and truly indebted” to the person in whose hands, the money, &c. are attached. With respect to time, it is plain that the absent debtor must be indebted to the garnishee at the time when the moneys, &c. are attached. If future indebtedness were preferred in payment from the effects in the possession of the garnishee, he might exhaust the effects by buying up the debts of others. At the time the plaintiff’s attachment was served on Henry Linton, he was surety for John Linton in a recognizance. A scire facias on the recognizance had been served on Henry Linton, returnable to the Spring term, 1850. On the fourth of March Henry Linton paid the recognizance, and on the fifth, *279 filed his • declaration against John Linton. This was several months after the attachment had been served. It is confounding terms and ideas to say that the principal is debtor to his surety from the date of the joint liability ; — that when two join in a bond, the principal is debtor to his surety from the day of the execution, and that the maker of a note is indebted to his endorser from the date of the endorsement. The principal incurs no debt to his surety until his surety pays the joint demand. At the time the plaintiff’s attachment was served, the liability of Henry Linton on the recognizance was future, contingent and uncertain in amount. He paid the whole amount of recognizance before any judgment on the scire facias, with the design to charge it on the fund in dispute, and so make John Tongue pay the-penalty of John Linton’s offence. This is a specimen of the frauds which must ensue if the garnishee’s preference is not limited to debts “really and truly” due when the attachment is served.
In Mitchell & Co. vs. Byrne,(a) decided at January term in Charleston, a garnishee creditor, with respect to the funds in his hands, was declared to stand on the footing of a plaintiff in attachment who had secured the first lien on the funds, by the first service of a writ. This is to be inferred from the direction that the garnishee shall forthwith file his declaration and in all other respects proceed as if he were plaintiff in attachment. In Relph vs. Nolan, 1 Rice’s Dig. 77, and Walker & Bradford vs. Roberts, 4 Rich. 561, it was held that a suit by attachment could not be commenced on a demand not due. Henry Linton therefore cannot claim payment of his demand, as creditor in possession, from the funds attached in his hands, in preference to the attachment writ of John Yongue.
The motion is dismissed.
O’Neall, Wardlaw, Withers, Whitner and Glover, JJ., concurred.

Motion dismissed’.

 Ante p. 171.